IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CIVIL DIVISION
"IN ADMIRALTY"

Wyland Galleries of Key West                    CASE NO:

                Plaintiff,

vs.

APX Psychological of NC PLLC

                Defendant.

_____/

## COMPLAINT IN ADMIRALTY

1.     This a case within this Court's Admiralty and Maritime Jurisdiction, Federal Question Jurisdiction and Supplemental Jurisdiction as hereinafter more fully appears, and is an Admiralty or Maritime claim to remove an improper claim of maritime lien and breach of a marine contract and are within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.     This Honorable Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1333, and the general maritime law, 28 U.S.C. § 1331, and its Supplemental Jurisdiction, and diversity jurisdiction pursuant to 28 USC § 1332 as there is complete diversity between the parties and the amount in controversy is in excess of $75,000.

3.     This Honorable Court has original jurisdiction over the lien matter pursuant to 46 U.S.C. § 31343(c)(2) which provides an action in Admiralty to declare that a vessel is not subject to a lien claimed under 46 U.S.C. § 31343(b), or that the vessel is not subject to the notice of claim of lien, or both, regardless of the amount in controversy or the citizenship of the parties.

1

4.      This Court also has jurisdiction pursuant to 28 U.S. Code § 2201 – Declaratory Judgment action to resolve a case or controversy.

5.      Venue is proper in this district as the claim of lien was filed on a vessel in this district, the tort occurred in this district, the contract was breached in this district, defendant did business in this district at the time of the lien claim, and the vessel is located within this district.

6.      Personal Jurisdiction is proper in that defendant conducted business in this district, defendant entered into a charter agreement for a vessel in this district, the breach of charter agreement occurred within this district, and the harm of wrongful lien occurred to a vessel in this district.

## THE PARTIES

7.      Wyland Galleries of Key West is a Florida entity and at all times material was the owner of the M/V TWINS II, a U.S. Flagged recreational vessel which is currently in this district.

8.      Defendant APX Psychological of NC PLLC is a foreign Professional Liability Company, believed to be incorporated in North Carolina, and has minimum contacts in this district including renting a vessel in this district, operating a vessel in this district and purposely availed itself to this district.

## Facts Common To All Counts

9.      Wyland Galleries of Key West at all times material, was the owner of the M/V TWINS II, a U.S. Flagged recreational vessel which is currently in this district.

10.     On or about January 15, 2016, Wyland Galleries of Key West bareboat (demised) chartered the vessel to defendant. A copy of that bareboat charter is attached as Exhibit A to this Complaint.

11.     The Bareboat charter agreement contained a no lien clause forbidding liens from accruing on the vessel.   See Exhibit A.

2

12.     Defendants breached the charter by allowing liens to accrue and failing to make payments due monthly and defaulted.

13.     The vessel was lawfully retaken and abandoned by defendant.

14.     Defendant placed an illegal lien on the vessel of unknown character accruing allegedly a mere five days into the charter for $162,000 (January 20 2016). See Abstract of Title attached as Exhibit B.

15.     Plaintiff has never received a notice or claim of lien for this vessel by Defendant.

16.     The lien was forbidden by the contract and additionally the vessel was undergoing an extensive refit and may have been out of navigation.

17.     A "No Lien" clause under maritime law placed charterer and third parties on notice that the charterer cannot, and owner will not, allow liens to attach or accrue to the vessel and specifically prohibits maritime liens or relying on the credit of the vessel.

18.     That notice was provided to defendant in the charter lease agreement.

19.     As a result of Defendant's default under its loan, Plaintiff took possession of the vessel and defendant abandoned the vessel.

20.     The Charter Agreement required APX Psychological of NC PLLC as Charterer in possession and in control of the use and operation and of the Vessel that "No debts should be against the vessel during the course of this lease by either party" Exhibit A

21.     Defendant breached this portion of the lease which is a material breach by filing a lien five days into the charter.

22.      The Lease/Charter agreement contained a no lien clause which states in part: "Neither the Lessee nor anyone claiming through the Lessee shall have the right to file mechanics liens or any

3

other kind of lien on the premises….and take whatever steps necessary in order to keep the vessel free of all liens resulting from construction done by or for the Lessee."

23.     The Lease Charter agreement also has a **Reconditioning/Improvements** clause which states:" Lessee/purchaser will pay in full for all upgrades, refurnishing, refinishing, mechanical work, there are no cost responsibilities at any time for anything lessor/Seller."

24.     On May 07, 2018 defendants filed a claim of lien on the vessel on the vessel's abstract which allegedly accrued on January 20, 2016, See Exhibit B.

25.     Defendant never served a copy of the claim of lien on Plaintiff.

26.     The Notice filed on the vessel's abstract of title represents a cloud on the title of the vessel.

27.     The lien claim filed by defendant APX Psychological of NC PLLC is not valid and prohibited pursuant to the Lease/charter agreement.

28.     Defendant APX Psychological of NC PLLC failed to pay storage and shipyard charges at Robbies of Key West LLC's Marina, which resulted in lien foreclosure by Robbies of Key West LLC and Plaintiff had to pay those charges or lose the vessel.

29.     Defendant APX Psychological of NC PLLC abandoned the vessel on or about December 2016 while still under charter and did not remove any property and fixtures and abandoned the property claimed in the lien notice.

30.     Defendant APX Psychological of NC PLLC breached the charter agreement and plaintiff has been damaged in the amount of $350,000 as can nearly be determined including the cost of clearing the lien claims on the vessel, loss of charter hire and profit, loss of interest, loss profit from the sale of the vessel, loss of value of the vessel, attorneys fees and costs for bringing this action.

31.     As a result of the breach of charter agreement and wrongful lien claim, Plaintiff Wyland Galleries of Key West has been damaged including attorneys fees, inability to sell the vessel, indemnity claims and loss of charter hire, carrying and storage charges and other damages which are in excess of $350,000 as can best be determined.

32.     All conditions precedent have been performed by Plaintiff prior to bringing this lawsuit.


**COUNT I Action to Remove Lien Claim pursuant to 46 U.S.C. 31343(c)(2)**

Plaintiff Wyland Galleries of Key West realleges and reaffirms paragraphs 1-32 above and further alleges:

33.     This is an action to remove lien and notice and claim of lien pursuant to 46 U.S.C. 31343(c)(2) on the M/V TWINS II.

34.     Plaintiff sought to sell the vessel and discovered that defendant had filed claim of lien on the vessel's abstract for a lien alleged to have accrued on January 20, 2016.   See Exhibit B.

35.     The claim of lien was filed on May 17, 2018.

36.     The claim of lien is invalid as a matter of law and should be removed.

37.     The lien was alleged to attach on January 20, 2016 while the vessel was subject to the bareboat Charter (attached as Exhibit A) which contains a no lien clause which APX Psychological of NC PLLC had actual and constructive knowledge of.

38.     Defendant APX Psychological of NC PLLC, has no legal right to lien the vessel pursuant to the contract between the parties and pursuant to maritime law.

39.     Defendant APX Psychological of NC PLLC also breached the charter agreement by failing to pay sums due and allowing a storage lien to accrue on the vessel.

5

40. Further, defendant has not complied with the maritime lien statute as it has not provided a copy of the claim of lien on Plaintiff owner nor has it itemized the type of lien or provided any support for the $162,000 claimed, nor has it sought to enforce its lien within the three year statute required and thus the lien is void.

41. Upon information and belief, the notice of lien claim is greatly exaggerated as to items and value, was made in bad faith without a legal right to do so, and was done to intentionally harm Plaintiff, its credit, and the vessel and was intended to prevent sale or charter of the vessel and to force excessive bond.

42. The lien claim is void or voidable as the vessel owner clearly has always had strict no lien clause throughout the charter.

43. 46 U.S.C. § 31325 preempts state lien law including any UCC liens or lien claims by APX Psychological of NC PLLC.

44. As a result of the wrongful claim of lien being filed upon the abstract of title and with the USCG and being part of the public record, Plaintiff has been damaged including costs, attorneys' fees and loss of business opportunities and other damages.

45. Upon information and belief, the filing of the claim of lien was contumacious, done in bad faith, without any legal right to do so, and should be declared void and stricken from the vessel's abstract and public records.

46. Upon information and belief, APX Psychological of NC PLLC is also guilty of laches and is precluded from seeking a claim of lien if it is determined to survive the no lien clause and voided property rights as the lien allegedly accrued on January 20, 2016 and it has been more than three years.

47.    The lien claim has expired as Title 46 US Code, section 31343) which provides for the expiration of a recorded Notice of Claim of Lien after three years.

48.    46 U.S. Code § 31343(c)(2) provides for the recovery of attorneys' fees for a party seeking to remove an improper claim of lien.

49.    Plaintiff has engaged the undersigned attorneys to remove the improper claim of lien and will have to pay attorneys' fees and costs for maintaining this action.

WHEREFORE, having demonstrated that the claim of lien filed by defendant APX Psychological of NC PLLC is void and invalid, Plaintiff hereby prays for judgment that the claim of lien be declared null and void and for an order directing Defendant and USCG NVDC to remove the claim of lien and granting Plaintiff its attorneys' fees and costs pursuant to 46 U.S.C. 31343(c)(2) and other damages and that the plaintiff may have such other and further relief as the justice of the cause may require.

## COUNT II DECLARATORY JUDGMENT ACTION AND REQUEST FOR INJUNCTIVE RELIEF AND FOR COUNTER SECURITY

Plaintiff Wyland Galleries of Key West realleges and reaffirms paragraphs 1-50 above and further alleges:

50.    This is an action for declaratory relief and injunctive relief against defendant APX Psychological of NC PLLC pursuant to 28 U.S.C. 2201 and Federal Civil Procedure Rule 65(a)(1) relating to a claim of lien and cloud on the vessel TWINS II's Abstract of Title and is an Admiralty or Maritime claim to remove an improper claim of maritime lien and is within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

51.    This is a case of actual controversy within this Court's original and exclusive jurisdiction

as it involves a disputed lien and property claim for equipment on a U.S.C.G documented vessel which is within the district.

52. On May 17, 2018 Defendant filed a claim of lien on the vessel's abstract (See Exhibit B)

53. The lien has expired as it was allegedly established on January 20, 2016 and is no longer valid.

54. Pursuant to 46 USC 31343(b)(2)(e) A notice of claim of lien recorded under subsection (b) of this section shall expire 3 years after the date the lien was established, as such date is stated in the notice under subsection (a) of this section.

55. The alleged claim of lien is also void *ab initio* or voidable and was prohibited by the charter contract attached hereto as Exhibit A.

56. Defendant waived any lien rights pursuant to the contract and 46 USC §31305.

57. The lien allegedly accrued on January 20, 2016 was filed in May 2018 while the vessel was subject to the bareboat Charter with Plaintiff which contains a no lien clauses of which APX Psychological of NC PLLC had actual and constructive knowledge.

58. Upon information and belief, the claim of lien was made in bad faith without a legal right to do so, and was done to intentionally harm Plaintiff, its credit, and the vessel and to prevent sale or charter of the vessel.

59. Plaintiff has suffered irreparable harm and continues to be harmed including loss of sale, storage and carrying charges, loss of sale and charters and charter hire, loss of business opportunities, legal fees and costs, slander of credit, prevention of the sale of the vessel, and fear of wrongful arrests which has halted the vessel's refitting.

60. Plaintiff seeks a declaratory judgment declaring the claim of lien void or improper, declaring the property abandoned, and declaring any property on board the vessel as fixtures or

abandoned and seeks its damages for this wrongful lien claim.

61.    Plaintiff also seeks a preliminary injunction preventing the arrest and/or enforcement or foreclosure on the alleged lien claim until this Court determines the validity of the alleged claim of lien and whether it can be maintained or enforced given the charter party contracts, mortgage and attornment agreements and for and order preventing any liens from attaching to the vessel.

62.    Plaintiff also seeks counter security in the amount of $700,000,000, or twice the claim of plaintiff as security for Plaintiff's claims and breach of the charter agreement.

63.    Plaintiff is entitled to a Preliminary Injunction as it has met the Rule 65 requirements.

64.    Plaintiff has a reasonable likelihood of success on the merits of the underlying claim as it has a contract which prevent a lien from attaching to the vessel, the lien has expired, and that Plaintiff did not authorize the accrual of any liens to attach to the vessel.

65.    Plaintiff asserts that there is no adequate remedy at law exists to undo or prevent further assault and slander on plaintiff's credit or the vessel's credit, Plaintiff is prevented from selling the vessel, reflagging the vessel, exporting the vessel, chartering the vessel without fear of arrest, and repairing the vessel without fear of arrest, and it requires a preliminary injunction to keep the *status quo* until the issue of the lien can be brought before the Court and decided.

66.    Plaintiff has suffered and continues to suffer irreparable harm if the preliminary injunction is denied; which includes slander of credit, preventing plaintiff from selling, chartering, exporting the vessel, getting credit or loans on the vessel.

67.    Plaintiff alleges that the irreparable harm it will suffer without injunctive relief is greater than the harm the defendants will suffer if the preliminary injunction is granted.

68.    There is no harm to the defendant APX Psychological of NC PLLC as it will be able to

litigate its lien claim in the current action; defendant APX Psychological of NC PLLC has never acted to enforce the alleged maritime lien within 3 years of its accrual; further, with the injunction in place, Plaintiff will be free to drydock the vessel and keep it in service, increasing the value of the vessel and mitigating its damages.

69.     Plaintiff alleges that the preliminary injunction will not harm the public interest as the world will be on notice of the lawsuit and injunction, the public has an interest that the USCG NVDC Database should only list valid maritime liens on vessel abstracts and should have faith in this Court's ability to resolve issues regarding liens and clouds on vessel titles.    Plaintiff foresees no harm to the general public in granting the preliminary injunction.

70.     Counter security is needed as defendant has placed a claim lien which acts like a security interest against the vessel and Plaintiff has valid claims against APX Psychological of NC PLLC and plaintiff is entitled to Countersecurity pursuant to the Supplemental Rules for Admiralty and Maritime Claims.

WHEREFORE, having demonstrated that the alleged claim of lien filed by defendant APX Psychological of NC PLLC is invalid, Plaintiff hereby prays for entry of a Declaratory Judgment that the claim of lien filed by defendant APX Psychological of NC PLLC be declared null and void and entry of a Declaratory Judgment directing Defendant APX Psychological of NC PLLC to remove the claim of lien from the USCG and National Vessel Documentation Center database and granting Plaintiff its attorneys' fees and costs and other damages.

Plaintiff also prays for entry of a Preliminary Injunction pursuant to Rule 65(a)(1) of the Federal Rules of Civil Procedure against APX Psychological of NC PLLC and its agents and assigns, enjoining them from acting to foreclose on the claim of lien, enjoining them from arresting, garnishing or seizing or detaining the vessel TWINS II or Plaintiff's assets in any way,

until the issues raised in this action, including of the validity and if necessary the amount of the lien is determined by this Court and including all appeals thereof, and that defendant post countersecurity in the amount of $700,000,000 or a reasonable amount of counter security to be set by the Court and that the Plaintiff may have such other and further relief as the justice of the cause may require.

## COUNT III BREACH OF CHARTER CONTRACT

Plaintiff Wyland Galleries of Key West realleges and reaffirms paragraphs 1-32 above and further alleges:

71.     This is an action for breach of a marine contract against Defendant.

72.     This Court has subject matter jurisdiction over this cause of action pursuant to 28 USC 1333 and pursuant to its diversity Jurisdiction and supplemental jurisdiction as the cause of action for breach of the Charter agreement arises out of the same core of operative facts as Counts I,& II.

73.     Defendant entered into a contract to charter the M/V TWINS II on January 15, 2016.

74.     Defendant breached the contract by failing to pay agreed payments and charges for the vessel, leaving the vessel in disrepair, failing to pay vessel's storage fees, allowing liens to accrue on the vessel, placing a lien itself on the vessel, and alleging a maritime lien on the vessel.

75.     As a result of the breach of maritime contract, plaintiff has been damaged in excess of $350,000 plus attorneys fees and costs as can nearly be determined.

76.     Plaintiff was damaged and had to hire counsel and file suit to enforce the contract.

77.     Defendant has filed the maritime lien claim in bad faith, without legal right to file and under maritime law, plaintiff is entitled to legal fees, costs and prejudgment interest.

WHEREFORE, having demonstrated breach of contract on the part of Defendant, Plaintiff hereby prays for judgment against Defendant APX Psychological of NC PLLC for all damages so provable plus attorneys fees, costs and prejudgment interest and that the Plaintiff may have such other and further relief as the justice of the cause may require.

Respectfully submitted this 5th Day of June 2019

Respectfully submitted,

**MANNING GROSS + MASSENBURG LLP**

s/Matthew J. Valcourt
Matthew J. Valcourt, Esq.
FBN: 0088791
600 Brickell Avenue, Suite 1400
Miami, Florida 33131
Telephone: 305-537-3410
Facsimile: 305-537-3411
E-mail: mvalcourt@mgmlaw.com
Attorneys for Plaintiff, Wyland Galleries of Key West

12